UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In RE:  SUSAN BOHL,                              )
                                                 )      Case No. 10-10249
     a/k/a SUSAN BOHL FERGUSON,                  )
                                                 )      Chapter 12
          Debtor.                                )
-------------------------------------------------------------X
                                                 )
SUSAN BOHL a/k/a                                 )
SUSAN BOHL FERGUSON,                             )      Adv. Pro. No. 14-90012-1-rel
                                                 )
          Plaintiff,                             )
                                                 )
     -against-                                   )
                                                 )
JAMES D. OREFICE,                                )
                                                 )
          Defendants.                            )
-------------------------------------------------------------X

### THE PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, SUSAN BOHL a/k/a SUSAN BOHL FERGUSION (hereinafter the "Plaintiff"), respectfully submits this memorandum of law in opposition of the motion for summary judgment submitted by the Defendant, JAMES D. OREFICE (hereinafter the "Defendant"). The Plaintiff respectfully refers the Court to the accompanying affidavit of SUSAN BOHL f/k/a SUSAN BOHL FERGUSON (hereinafter the "Bohl Affidavit") for a full recitation of the facts and circumstances underlying this opposition.

**BACKGROUND SUMMARY**

In or about 1987, the Plaintiff's ex-husband, William R. Bohl, II, gave the Defendant a mortgage (hereinafter the "Mortgage") to secure a loan. The loan was secured by real property commonly known as 35 Sir William Farm Road, Hillsdale, New York 12529 (hereinafter the "Property"). On or about June 16, 2003, the Plaintiff's ex-husband conveyed the Property to the Plaintiff pursuant to a bargain and sale deed. No payments were made pursuant to the Mortgage from 1999 to the time the Plaintiff filed for Chapter 12 bankruptcy protection in 2010. See, Bohl Affidavit, ¶3.

Despite this fact, the Plaintiff never received any notices of foreclosure or any other efforts to collect the monies allegedly due and owing at any time after defaulting. See, Bohl Affidavit, ¶¶3-4. The Plaintiff was delinquent in paying real property taxes for the Property. As a result, the County of Columbia proceeded with a tax foreclosure proceeding, during which they obtained title. Nevertheless, on February 24, 2011, the County of Columbia executed a quit claim deed returning the Property to the Plaintiff. See, Bohl Affidavit, ¶4.

On May 28, 2010, the Plaintiff filed the underlying Chapter 12 bankruptcy petition. In said petition, the Defendant's debt is listed as a secured and undisputed claim but, as set forth in her affidavit, the Plaintiff advised her prior attorney that the claim was disputed and, moreover, said attorney apparently amended the petition without the Plaintiff's knowledge or consent. See, Bohl Affidavit, ¶¶7-10. Also of note, the Defendant did not file a proof of claim in the underlying bankruptcy case. See, Bohl Affidavit, ¶14.

On April 1, 2014, the Plaintiff commenced the instant adversary proceeding, in which she alleges that her receipt of the aforementioned quit claim deed extinguished the Defendant's Mortgage and underlying debt. The Plaintiff also alleges that enforcement of the Mortgage and underlying debt are barred by the applicable statute of limitations.

## LEGAL STANDARD

As the Court is aware, summary should not be granted unless the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. See, F.R.B.P. 7056. As is set forth herein, there are numerous issues of material fact precluding judgment as a matter of law. As a result, the Defendant's motion for summary judgment must be denied in its entirety.

## ARGUMENT

## POINT I

## THE DEFENDANT'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

It is axiomatic that, under New York law, a mortgage holder is held to a strict six (6) year statute of limitations in order to foreclose on a mortgage or sue on the underlying obligation. See, CPLR §213(4); Solomon Holding Corp. v. Golia, 55 A.D.3d 507 (1st Dept. 2008). A mortgage holder's cause of action for foreclosure accrues upon the borrower's default. See, EMC Mortgage Corp. v. Patella, 279 A.D.2d 604 (2d Dept. 2001). As is set forth above, it is undisputed that the Plaintiff and her then husband last made a payment towards the Mortgage sometime in 1999. It is also undisputed that the Defendant failed to commence a foreclosure action or otherwise pursue his rights under the Mortgage.

In fact, it has been over fifteen (15) years since the Defendant's claim accrued and he has still never taken any affirmative action against the Plaintiff or the Property. Indeed, the Defendant did not even file a proof of claim in the underlying bankruptcy case. The Defendant claims that the Plaintiff "acknowledged" her debt several times during the course of the underlying bankruptcy case by virtue of her listing said debt in her petition and schedules. However, as she explains in her accompanying affidavit, the Plaintiff expressly advised her attorney to list the Plaintiff's "debt" as disputed. See, Bohl Affidavit, ¶¶6-8.

Moreover, a review of the documents in question (at least the ones filed with the Court) show that the Plaintiff's prior attorney signed the Plaintiff's name "electronically." In that regard, Section 17-101 of the New York State General Obligations Law provides in pertinent part that: "An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the *only* competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time." See, N.Y. G.O.L. §17-101 (emphasis added). Affording her the benefit of every favorable inference, which the Court must do when considering a motion for summary judgment, the Plaintiff did not physically sign the documents filed with the Court (which the Defendant alleges are acknowledgements) and did not give her attorney the authority to list the Mortgage as an undisputed claim.

Clearly, the documents referenced did not constitute a legal acknowledgement by the Plaintiff of a remaining debt or promise to pay. See, <u>Skaneateles Sav. Bank v. Modi Assocs.</u>, 239 A.D.2d 40 (4th Dept. 1998). In any event, the fact that the Plaintiff listed the Mortgage in her petition and on her schedules did not "renew" or extend the applicable statute of limitations. See, <u>Filigree Films Pension Plan v. CBC Realty Corp.</u>, 229 A.D.2d 862 (3d Dept. 1996).

4

Indeed, the Defendant's argument is meritless since it is well-settled that a debtor's listing of a mortgage in his or her bankruptcy petition is not a promise to pay such mortgage. See, <u>Petito v. Piffath</u>, 85 N.Y.2d 1 (N.Y. 1994); 2 Collier, Bankruptcy Manual §521.05 [2] [3d ed.]. In light of the foregoing, there are several issues of material fact with respect to the issue of whether the Plaintiff "acknowledged" the purported debt alleged to be owed to the Defendant after the Plaintiff defaulted under the terms of the Mortgage in 1999. For that reason alone, there is certainly a question as to whether the statute of limitations bars the Defendant's recovery of the monies allegedly owed pursuant to the Mortgage.

Finally, although not expressly stated in the complaint in the instant adversary proceeding, the Plaintiff has a claim under Section 1501(4) of the New York Real Property Actions and Proceedings Law, which allows a party with interest in real property to maintain an action to extinguish liens unenforceable due to the expiration of the applicable statute of limitations. See, N.Y. R.P.A.P.L. §1501(4). Clearly, the Plaintiff has a right to extinguish the Defendant's claim as it is barred by the six (6) year statute of limitations. As such, the Defendant's motion for summary judgment must be denied.

## POINT II

### THE DEFENDANT'S CLAIMS ARE BARRED BY THE NEW YORK STATE REAL PROPERTY TAX LAW

As is set forth in detail in her affidavit, the County of Columbia commenced a tax foreclosure proceeding against the Plaintiff and the Property, in which the County was awarded a deed to the Property as a result of the tax deficiency alleged in said proceeding. The Defendant moved to vacate the final judgment in said proceeding, for which he was successful. As is referenced in the adversary complaint in this action, the Defendant was allowed sixty (60) days to redeem the Property, which he failed to do.

5

Subsequently, on February 24, 2011, the County transferred the Property back to the Plaintiff, which extinguished the Defendant's lien pursuant to Section 1136 of the New York State Real Property Tax Law, which states in pertinent part that any conveyance in a tax foreclosure proceeding forever terminates any prior liens, claims, or rights of redemption. See, NY. R.P.T.L. §1136.

The crux of the Defendant's argument in support of his motion is that the deed transferring the Property from the County to the Plaintiff was called a "quit claim deed" and not a "tax sale deed." However, this argument is unavailing. The statute referenced above that "any conveyance" terminates all prior liens – not specifying the type of deed required for such conveyance. See, N.Y. R.P.T.L. §1136.

At the very least, there are several questions of fact regarding the execution of the deed from the County to the Plaintiff, which transferred the Property back to the Plaintiff and which would prevent judgment as a matter of law. Indeed, the Defendant's entire argument hinges on the hearsay statement of the Plaintiff's prior attorney, who stated in an affidavit that the County would not concede that the Plaintiff had a right to the return of the Property.

This assertion by the Plaintiff's prior attorney, and the Defendant's reliance thereon, is entirely meaningless. As an initial matter, the Plaintiff's prior attorney, and, in turn, the Defendant, offer nothing to support this assertion. Certainly, if this assertion were true, assuming it is even relevant, the County could have offered some supporting documentation or even included corresponding language in the aforementioned quit claim deed.

Also, the Plaintiff's prior attorney offered this allegation after he his representation had been terminated by the Plaintiff. Thus, his motivation is, at best, questionable. Thus, it is clear that the County's issuance of the quit claim deed to the Plaintiff is riddled with question of material fact. Based upon the foregoing, the Defendant's motion for summary judgment must be denied in its entirety.

**POINT III**

**THE DEFENDANT'S FAILURE TO FILE A PROOF OF CLAIM RENDERS HIM UNABLE TO RECEIVE DISBURSEMENTS FROM THE CHAPTER 12 PLAN**

As is set forth above, a review of the Claims Register in the underlying bankruptcy case shows that the Defendant failed to file a proof of claim for his purported debt. As a general rule, a Chapter 12 or 13 creditor is not required to file a proof of claim but may instead look to its lien for satisfaction of the debt. See, In re Hogan, 346 B.R. 715 (Bankr. N.D. Tex. 2006). Indeed, it is well-settled that a lien passes through bankruptcy unaffected. See, Dewsnup v. Timm, 502 U.S. 410 (1992).

However, the Defendant's lien was extinguished by the trustee's sale of the Property in the underlying bankruptcy case. With respect to the monies allegedly owed to the Defendant, a trustee can only make monetary distributions under a plan to creditors who have allowed claims. See, Hogan, 346 B.R. at 719. Pursuant to Sections 501 and 502 of the Bankruptcy Code, the allowance process is initiated only by the filing of a proof of claim. See, In re Dumain, 492 B.R. 140 (Bankr. S.D.N.Y. 2013).

Basically, if a creditor, such as the Defendant, elects to not file a proof of claim, "then it also elects not to be paid under the plan." See, In re Minbatiwalla, 424 B.R. 104 (Bankr. S.D.N.Y. 2010) ("if the secured creditor wants to receive payments from a confirmed plan, the creditor must file its proof of claim").

7

The Defendant's failure to file a proof of claim in the underlying bankruptcy case renders him unable to receive disbursements from the trustee pursuant to the Chapter 12 plan whether or not his lien is valid. Based upon the foregoing, the Defendant's motion for summary judgment must be denied in its entirety.

## **CONCLUSION**

Based upon the foregoing, it is respectfully requested that the Court deny the Defendant's motion for summary judgment in its entirety and grant the Plaintiff such other and further relief as deemed just and necessary.

Dated: April 1, 2015
      Middletown, New York

                        Yours etc,

**The Law Office of William W. Frame**

           /s/ William W. Frame
By:   William W. Frame, Esq.
      Attorneys for the Plaintiff
      14 Johns Road
      Middletown, NY 10941
      (845) 695-1327